UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARQUIS KEMP, | § | Case No. |
| | § | |
| Plaintiff, | § | COMPLAINT FOR DAMAGES |
| | § | UNDER THE FAIR DEBT |
| v. | § | COLLECTION PRACTICES ACT, |
| | § | THE TEXAS DEBT COLLECTION |
| RECEIVABLES PERFORMANCE | § | PRACTICES ACT, AND OTHER |
| MANAGEMENT, LLC, | § | EQUITABLE RELIEF |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## PARTIES

1. Plaintiff, Arquis Kemp ("Arquis"), is a natural person who resided in Houston, Texas, at all times relevant to this action.

2. Defendant, Receivables Performance Management, LLC ("RPM"), is a Washington limited liability company that maintained its principal place of business in Lynwood, Washington, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over the Arquiss' claims under the Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code §§ 392, *et seq.*, because those claims share a common nucleus of operative facts with each Arquis's claim under the FDCPA. S*ee Garcia v. Jenkins/Babb LLP*, 2013 WL 3789830 (N.D. Tex. July 22, 2013) (in FDCPA case, court exercised supplemental jurisdiction over TDCPA claim).

1

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, RPM collected consumer debts.

7. RPM regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of RPM's revenue is debt collection.

9. RPM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. As described, *infra*, RPM contacted Arquis to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Arquis is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. During the Spring of 2016, RPM began calling Arquis on her cellular telephone ending in -6088 in connection with the collection of a debt allegedly owed by someone other than Arquis.

14. Shortly after the calls began, Arquis spoke with RPM and advised RPM that she was not the person with whom RPM was looking to speak.

15. Notwithstanding this communication, RPM continued to call Arquis on an almost daily basis, often multiple times a day.

16. RPM's policies and procedures for processing account data received from original creditors fail to identify easily discoverable errors and avoid the needless harassment of undeserving consumers like Arquis.

17. RPM unreasonably relied upon inaccurate information provided to RPM by one (1) or more original creditors for whom RPM was attempting to collect a debt when RPM called Arquis's cellular telephone.

18. RPM's policies and procedures violate the FDCPA.

19. RPM's collection efforts, including but not limited to its telephone calls, caused Arquis emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

20. RPM's collection efforts also intruded upon Arquis's privacy.

21. In addition, each time RPM placed a telephone call to Arquis, RPM occupied Arquis's telephone number such that Arquis was unable to receive other phone calls at that telephone number while RPM was calling her.

22. RPM's telephone calls also forced Arquis to lose time by having to tend to RPM's unwanted calls.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Arquis re-alleges and incorporates by reference Paragraphs 6 through 22 above as if fully set forth herein.

24. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

25. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's

communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

26. The likely effect of RPM's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Arquis.

27. RPM violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Arquis in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

28. Arquis re-alleges and incorporates by reference Paragraphs 6 through 22 above as if fully set forth herein.

29. A debt collector's intent to violate the FDCPA may be inferred by its maintenance of policies and procedures which, in themselves, violate the FDCPA. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.,* 256 F.R.D. 661, 671 (D.N.M. 2009); s*ee also Kromelbein v. Envision Payment Sol., Inc.*, 2013 WL 3947109, *7 (M.D. Penn. Aug. 1, 2013)("company policy can be just as much a violation of [FDCPA] as the rogue act of an individual employee.  If anything, a company policy that violates the FDCPA is a more egregious transgression because it indicates endemic, rather than isolated, disregard for debtor rights."); *citing Edwards v. Niagara Credit Sol., Inc.*, 586 F. Supp. 2d 1346, 1354 (N.D. Ga. 2008) (awarding maximum damages in part because conduct was company policy, thereby making it routine and frequent).

30. RPM's policies and procedures, as described in Paragraphs 16 through 18, *supra*, constitutes "conduct the natural consequence of which is to harass, oppress, or abuse" consumers.

31. RPM's practice, therefore, violates Section 1692d of the FDCPA, which provides:

    A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    *See* 15 U.S.C. §1692d.

32. Because RPM's practice, in itself, violates the FDCPA, it reflects an intent to harass consumers generally.

33. RPM violated 15 U.S.C. § 1692d(5) by causing Arquis's telephone to ring or engaging Arquis in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Arquis.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

34. Arquis re-alleges and incorporates by reference Paragraphs 6 through 22 above as if fully set forth herein.

35. RPM violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violation of the Texas Debt Collection Practices Act

36. Arquis re-alleges and incorporates by reference Paragraphs 6 through 22 above as if fully set forth herein.

37. RPM is a "debt collector" as that term is defined in the TDCPA, Tex. Bus. & Com. Code § 392.001(6).

38. Arquis is a "consumer" as defined by Tex. Fin. Code § 392.001(1).

39. RPM willingly and knowingly violated Tex. Fin. Code § 392.302(4) by communicating with Arquis with such frequency as can reasonably be expected to harass Arquis, or engaging in other conduct which can reasonably be expected to abuse or harass Arquis.

## JURY DEMAND

40. Arquis demands a trial by jury.

## PRAYER FOR RELIEF

41. Arquis prays for the following relief:

    a. Judgment against RPM for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. Judgment against RPM for actual damages, costs and reasonable attorney's fees pursuant to Tex. Fin. Code § 392.403.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA

Date: October 19, 2016

By: /s/ David M. Menditto
One of Plaintiff's Attorneys

David M. Menditto
Illinois Bar No. 6216541
S.D. Texas Bar No. 2590215

1100 W. Cermak Rd., Ste. B410
Chicago, IL  60608
Phone: (312) 380-6110
Fax: (312) 361-3509
davidm@fairdebt411.com